```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION AT LONDON**

```
MARY K. MASTERS,              )
                              )
     Plaintiff,               ) Action No. 6:16-CV-00031-JMH
                              )
v.                            )
                              ) MEMORANDUM OPINION AND ORDER
NANCY J. BERRYHILL,           )
Acting Commissioner of        )
Social Security               )
                              )
     Defendant.               )
```

                    **    **    **    **    **

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 12, 14) on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits.[1] The matter having been fully briefed by the parties is now ripe for this Court's review.[2]

**I.**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

[2] The Court being adequately advised and seeing no objection from Defendant, Plaintiff's Motion for Leave to File a 28 Page Brief [DE 13] will be granted.

> ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520(1982)).

## II.

Plaintiff filed an application for supplemental security income (SSI), alleging disability beginning in May 2012 (Tr. 163-66). Her application was denied initially and on reconsideration (Tr. 84, 99). Thereafter, Plaintiff pursued and exhausted her administrative remedies before the Commissioner (Tr. 37-83 (hearing), 21-32 (administrative law judge (ALJ) decision), 1-5

2

(Appeals Council's denial of review of ALJ decision)). This case is ripe for review pursuant to 42 U.S.C. § 1383(c)(3).

**III.**

Plaintiff was 36 years old at the time she filed her application (Tr. 30). She completed college (Tr. 42-43) and worked in the past as a receptionist and substitute teacher (Tr. 197). She alleged disability due to migraines, osteoarthritis, fatigue, back and knee pain, fibromyalgia, painful bladder (interstitial cystitis) with frequent urination, anemia, and depression (Tr. 195).

The treatment notes show that Plaintiff went to various providers during the relevant time period (May 2012 (her alleged onset of disability) through January 2015 (the date of the ALJ's decision)).³ Plaintiff saw providers at Family Health Center approximately once a month throughout the second half of 2012 for complaints such as face swelling, a urinary tract infection, congestion, a head injury following a fight, and bladder problems (Tr. 403-25). Also that year, Plaintiff went to a physical therapy evaluation for complaints of back and hip pain (*see* Tr. 331-38); x-rays of her lumbar spine were normal on two occasions (Tr. 433,

---

³ Prior to her May 2012 alleged onset of disability, Plaintiff saw nurse practitioner Tammy Freeman for routine complaints and generalized muscle pain (Tr. 292-306); providers at the Family Health Center for complaints such as urinary problems, muscle aches, low back pain, knee pain, and cold symptoms (Tr. 356-402); emergency room doctors for nose pain (Tr. 282-90); and urologists for microscopic hematuria (blood in her urine) and other bladder problems (Tr. 315-22, 328-30, 429-32).

3

437) and an x-ray of her hip was also normal (Tr. 352, 425). She also went to an orthopedist for complaints of knee pain; x-rays of both knees were normal and she was given steroid injections (Tr. 353, 441-46). Plaintiff went to the hospital once in September 2012 with complaints of a headache; a scan of her head was normal (Tr. 342-51, 425).[4]

In 2013, Plaintiff went to the hospital with complaints of bladder pain, and doctors viewed her bladder with a cystoscopy (Tr. 477-49). She also returned to Ms. Freeman once with complaints of depression and hip pain (Tr. 307-12). The record does not contain any treatment notes showing that Plaintiff presented for any treatment during the second half of 2013 or at all during 2014.

In terms of the medical opinion evidence, in March 2013, Naushad Haziq, M.D., performed an examination of Plaintiff in connection with her disability application (Tr. 457-65). An examination was largely normal aside from generalized complaints of pain in her joints and muscle pain but without any limited range of motion (Tr. 460-61). Based on Plaintiff's reported history and complaints, Dr. Haziq diagnosed generalized pain, generalized lethargy, history of headaches, depression, anxiety, frequent urination, intermittent low back pain, and fatigue, but did not opine that she had any specific work-related limitations (Tr. 462).

---

[4] Plaintiff also went to a chiropractor five times in late 2012 and early 2013 (Tr. 450-55).

4

The same month, Timothy Baggs, Psy.D., performed a psychological evaluation of Plaintiff (Tr. 467-74). He diagnosed mild depression and anxiety and opined that she could perform simple work with adequate concentration and ability to get along with others but that she may have mild limitations in adapting and responding to work pressures (Tr. 473-74).

State agency physicians and psychologists reviewed Plaintiff's medical records and opined that she did not have any severe mental impairments that significantly affected her ability to perform work-related activities (Tr. 92-93, 107-09). Additionally, state agency physician Robert Brown, M.D., reviewed Plaintiff's medical records and opined that she could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six hours total in an eight-hour workday (with no limitations on sitting); occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to extreme cold and hazards and even moderate exposure to vibration and noise (Tr. 110-12).

Finally, in October 2014, Arden Acob, M.D., opined that Plaintiff experienced migraines several times a week that lasted for several days, that she was unable to work while she was experiencing one, that she would miss more than four days of work per month, and that she was unable to work full time since 2007 (Tr. 481-82). There are no treatment notes from Dr. Acob in the

5

record and, prior to completing this opinion, Dr. Acob returned a record request form indicating that he did not have any treatment records of Plaintiff from the relevant time period (Tr. 439).

After careful review of the record, as relevant here, the ALJ determined that Plaintiff had some severe impairments (fibromyalgia, chronic fatigue, knee arthritis, headaches, depression, and anxiety) (Tr. 23), but found that she could nonetheless perform a range of simple light work (Tr. 23).3 The ALJ went on to find based on vocational expert testimony (*see* Tr. 77-78) that Plaintiff could not perform any of her past relevant work but could perform other jobs that exist in significant numbers in the national economy (Tr. 31-32). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act (Tr. 32).

## IV.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Foster*, 279 F.3d at 353.

6

V.

On appeal, Plaintiff attacks the ALJ's finding that, despite her limitations, she retained the residual functional capacity to perform a reduced range of simple light work (*see* Tr. 26). Plaintiff argues, initially, that the ALJ failed to give proper deference and great weight to the medical opinions and diagnoses of her treating physician, Arden Acob, M.D., who opined that she was not "capable of performing substantial gainful employment . . . [This would mean working 5 days per week for 8 hours per day or a 40-hour work week.]" (Tr. 482). The Court is not persuaded that more deference was due than was provided.

In assessing Plaintiff's residual functional capacity, the ALJ considered and weighed the medical opinions of record (Tr. 28-29). As noted, the ALJ gave Dr. Haziq's and Dr. Baggs's opinions—which noted largely normal physical and mental examination findings—great weight (Tr. 28-29, *see* Tr. 457-65, 467-74). The ALJ also considered Dr. Arden Acob's opinion (the ALJ refers to him as "Dr. Arden") that Plaintiff's headaches precluded work and had done so since 2007 (Tr. 29, *see* Tr. 481-82). *See* 20 C.F.R. § 416.927(d)(2) ("Treatment relationship. . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("If the opinion of a treating source is not accorded controlling weight, an ALJ

7

must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.").

In this instance, the ALJ gave Dr. Acob's opinion "little weight" for a number of reasons (Tr. 29). First, there is nothing in the record indicating that Dr. Acob treated Plaintiff during the relevant time period (Tr. 29). *See* 20 C.F.R. § 416.927(c)(2)(i) (stating an ALJ should consider whether a treating source has seen a claimant "a number of times and long enough to have obtained a longitudinal picture" of the claimant's impairment); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (quoting 20 C.F.R. § 404.1502) ("A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'"). As the ALJ pointed out, prior to authoring his opinion, Dr. Acob returned an evaluation request saying he did not have any treatment notes for the relevant time period (Tr. 29, *see* Tr. 439). Second, the ALJ noted that there were no treatment notes of record from other providers to support Dr. Acob's "sweeping claim" that Plaintiff's headaches were disabling (Tr. 29). The record shows that Plaintiff did not

8

complain of headaches to her primary care doctors regularly and she went to the hospital with complaints of headaches on only one occasion, when a CT scan of her brain was normal (Tr. 342-51). *See* 20 C.F.R. § 416.927(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) (treating physician opinions "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence."). Therefore, the ALJ reasonably discounted Dr. Acob's extreme opinion in light of the fact that there was nothing in the record to indicate that he actually treated Plaintiff during the relevant time period and treatment notes stemming from the relevant time period showed that Plaintiff rarely even complained of headaches to her doctors (Tr. 29).

**VI.**

Plaintiff next argues that, while the ALJ concluded that she had a severe impairment due to fibromyalgia, "very little additional observations are made of the presence of fibromyalgia. . ." (DE 12-2 at 24, Page ID# 595). A diagnosis of fibromyalgia alone is *not* disabling.[5] *See Stankoski v. Astrue*, 532 F. App'x 614,

---

[5] Plaintiff also argues that her bladder pain is "another source of disability" (Pl.'s Br. at 27). She has set forth no additional limitations that might be necessary as a result of this claimed impairment which are not accommodated by the limitation to a reduced range of light work with normal work breaks (Tr. 26). *See* 20 C.F.R. § 416.945. The Court considers this conclusory argument no further.

9

619 (6th Cir. 2013) (unpublished) ("But a diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits.") (citation omitted)); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (unpublished) ("[A] diagnosis of fibromyalgia does not automatically entitle Vance to disability benefits . . . ."). The relevant question is what functional limitations stem from an impairment. 20 C.F.R. § 416.945. The ALJ acknowledged Plaintiff's fibromyalgia diagnosis in the decision and accounted for it by assessing a restrictive RFC. On appeal, Plaintiff does not provide specific examples of what additional limitations that she believes should have been included in the RFC based on this severe impairment beyond those included by the ALJ.

At best, she argues that the ALJ failed to adequately account for her pain in the RFC because he did not consider the factors set forth in 20 C.F.R. § 416.929(c)(3) and how they relate to the evidence in this case, relying on *Felisky v. Bowen*, 35 F.3d 1027, 1038-40 (6th Cir. 1994) (holding that ALJ's assessment of claimant's credibility was not supported by substantial evidence where he failed to apply the full test for evaluating subjective complaints of pain).[6] The ALJ did, however, consider these factors

---

6   Factors relevant to your symptoms, such as pain, which we will consider include:

    (i) Your daily activities;
    (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii) Precipitating and aggravating factors;

10

in establishing the RFC. He observed that she engaged in daily activities related to raising her children, attending to her own personal care and hygiene, completing housework, shopping, and attending church, among other things (Tr. 27). He also made detailed observations concerning the location, duration, frequency, and intensity of her pain and other symptoms, as well as the precipitating and aggravating factors which could give rise to her pain and other symptoms, the medication taken to alleviate pain and other symptoms, and treatment other than medication for relief of pain or other symptoms (Tr. 26-29). He considered these factors but reached a different conclusion that Plaintiff desires – greater limitations imposed due to pain. This is not error as it is supported by substantial evidence of record.

Ultimately, the responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. *See* 20 C.F.R. §§ 416.927(d)(2), 416.945. The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the

---

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3).

11

claimant's believability. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds supported by the record in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Where there are conflicts regarding the evidence, the ALJ's findings of whether Plaintiff's claims are believable are entitled to great deference. *See Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing *King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984)). Affording that deference in this matter, the Court is not persuaded that the ALJ erred as Plaintiff suggests. Rather, the decision of the ALJ with respect to his determination concerning Plaintiff's credibility and her limitations is supported by substantial evidence in the record.

**VII.**

Finally, the Court notes Plaintiff's argument that the ALJ somehow erred in assessing her credibility in light of her long past work history, including 29 quarters of wages from 1992 to 2011. It is unclear how this fact is relevant in the absence of some evidence, for example, that her impairments have worsened since the time that she worked.

## VIII.

Ultimately, the ALJ reasonably accounted for Plaintiff's limitations when he limited Plaintiff to performing a range of simple light work. The ALJ gave good reasons for rejecting the only evidence—Dr. Acob's opinion and, to some extent, Plaintiff's own claims—upon which Plaintiff relies to suggest that she was more limited. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) (unpublished) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive [judicial] review."). The decision of the Commissioner is affirmed.

Accordingly, for all of the reasons set forth above, **IT IS ORDERED**:

1) That Plaintiff's Motion for Leave to File a 28 Page Brief [DE 13] is **GRANTED**;

2) that Plaintiff's Motion for Summary Judgment (DE 12) is **DENIED;** and

3) that Defendant's Motion for Summary Judgment (DE 14) is **GRANTED**.

This the 31st day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge